UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

CASE NO.:

FELICIA QUESADA

    Plaintiff,

v.

PDVSOL, LLC, a Florida limited
liability company; GIUSEPPE
IMPERATORI, individually; FERNANDO
IMPERATORI, individually; JOSE A.
RICHTER, individually; and CAROLINA
MORALES, individually,

    Defendants.
_____/

## **COMPLAINT**

COMES NOW the Plaintiff, FELICIA QUESADA (the "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, PDVSOL, LLC, a Florida limited liability company; GIUSEPPE IMPERATORI, individually; FERNANDO IMPERTORI, individually; JOSE A. RICHTER, individually; and CARMEN MORALES, individually and alleges as follows:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 (b) for jurisdictional placement) (the "Act").

2. Plaintiff FELICIA QUESADA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant PDVSOL, LLC, a Florida limited liability company ("PDVSOL") is a for profit limited liability company registered to do business in Florida, which has its main place of

business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto was and is engaged in interstate commerce.

4. The individual Defendant, GIUSEPPE IMPERATORI ("GI"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Court. GI is the owner, manager and/or authorized member of Defendant Company PDVSOL. This individual Defendant is the employer of Plaintiff within the meaning of the "Fair Labor Standards Act" (29 U.S.C. § 203(d)) and he is jointly liable for Plaintiff's damages.

5. The individual Defendant, FERNANDO IMPERATORI ("FI"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Court. FI is the owner, manger and/or authorized member of the Defendant Company, PDVSOL. This individual Defendant is the employer of Plaintiff within the meaning of the "Fair Labor Standards Act" (29 U.S.C. § 203(d)) and he is jointly liable for Plaintiff's damages.

6. The individual Defendant, JOSE A. RICHTER ("JR"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Court. JR at all times material to this Complaint, was the owner, manger and/or authorized member of the Defendant Company, PDVSOL. This individual Defendant was the employer of Plaintiff within the meaning of the "Fair Labor Standards Act" (29 U.S.C. § 203(d)) and he is jointly liable for Plaintiff's damages.

7. The individual Defendant, CAROLINA MORALES ("CM"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Court. CM is the owner, manger and/or authorized member of the Defendant Company, PDVSOL. This individual Defendant is the employer of Plaintiff within the meaning of the "Fair Labor Standards Act" (29 U.S.C. § 203(d)) and she is jointly liable for Plaintiff's damages.

## GENERAL ALLEGATIONS

8. The Employer PDVSOL was and is the owner of gasoline stations and convenient stores, and at all times pertinent to this Complaint, was engaged in interstate commerce. Defendants GI, FI, JR and CM are the managers, authorized members and owners of the Defendant Company, PDVSOL, who directed daily operations, and determined working conditions for all employees.

7. At all times hereto, Plaintiff FELICIA QUESADA was employed by Defendants as a gas station attendant and cashier all within and part of his employment with PDVSOL, performing non-exempt work, within the personal jurisdiction and venue of this Court. Plaintiff was an hourly employee. Plaintiff was paid $8.00 an hour.

8. Defendants PDVSOL, GI, FI, JR and CM employed Plaintiff FELICIA QUESADA from approximately January 2007 through and including March 2016.

9. During the course of his employment period with Defendants, Plaintiff and the other similarly situated employees regularly worked overtime hours (hour worked in excess of 40 per workweek, referred to herein as "overtime hours") without being paid proper compensation.

10. Plaintiff received his working orders directly from JA, and from the other authorized members, managers and/or owners of the business including GI, FI and CM.

11. Plaintiff worked regularly and consistently the following schedule: a.) Monday from 5:30 a.m. till 2:00 p.m. (8.5 hours); b.) Tuesday 5:30 a.m. till 2:00 p.m. (8.5 hours); c.) Wednesday 5:30 a.m. till :00 p.m. (8.5 hours); d.) Thursday 5:30 a.m. till 2:00 p.m. (8.5 hours); e.) Saturday 7:00 a.m. till 2:00 p.m. (7 hours); and Sunday 7:00 a.m. till 2:00 p.m. (7 hours); and Sunday 7:00 a.m. till 2:00 pm. (7 hours), for a total average of forty-eight (48) hours weekly.

Plaintiff did not take his meal breach free of interruptions because he was required to eat while working.

12. Plaintiff was not paid overtime compensation for the all the hours in excess of Forty (40), which he worked in a week. Plaintiff was paid for 8 hours of overtime, but at his regular rate or $8.00 an hour, Defendants did not pay Plaintiff for the remaining half time of overtime hours.

12. Defendants did not have any time-keeping method. Plaintiff was never provided of a schedule detailing intended working hours. Defendants did not maintain time-clock, sign-in list, time-cards or other form of recording the days or hours worked by Plaintiff or other similarly situated employees, during the term of employment with Defendants.

13. Plaintiff was paid by check in the amount of $208.00 and the balance was paid in cash. Plaintiff was never provided nor was her weekly payment accompanied by paystubs or records, in any other form, providing an accounting of hours she worked, classification of the employee's labor, or withholdings of employment taxes.

14. On March 5, 2016 Defendants fired Plaintiff. At the time Plaintiff was fired she was told by the then new station manager, an employee named "Niurka", that there was no more work for her. Plaintiff was provided no explanation or reason for her termination. Plaintiff had never received any warning, reprimand or other notice of her failure to perform her duties in a satisfactory manner.

15. Plaintiff seeks to recover any unpaid overtime wages accumulated during her time of employment with Defendants, and any other remedy as allowable by law.

## COUNT I
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION
## AGAINST PDVSOL

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

19. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant business activities involve those to which the Fair Labor Standards Act applies. The Defendant is the owner of gasoline stations and convenience stores, and at all times material hereto, was engaged and remains engaged in interstate commerce. Plaintiff was employed by Defendant as a non-exempt gasoline station attendant and cashier for the Defendant's business.

20. While employed by Defendant, Plaintiff worked an average of 48 hours a week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed. Plaintiff was employed as a non-exempt gasoline station attendant and cashier performing the same or similar duties as that of those other similarly-situated non-exempt gasoline station attendants and cashiers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

21. Plaintiff was paid approximately $384.00 weekly or $8.00 an hour from November 2007 through and including March 5, 2016 but was not properly compensated for straight or overtime wages for the hours that she worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint. Prior to the completion of discovery, Plaintiff's good faith estimate of unpaid wages is as follows:

a. Total amount of alleged unpaid wages:

$3,648.00 (does not include liquidated damages, costs or attorney's fees).

b. Calculation of such wages:

    Total weeks of employment:          470 weeks
    Relevant weeks of employment:      114 weeks
    Total number of hours worked:       48 hours weekly
    Total number or paid hours:         48 hours
    Total number of unpaid overtime hours:   8 weekly

Regular rate: $8.00 an hour x 1.5 = $12.00 O/T rate /half-time rate $4.00

    i. 8 weekly Overtime hours paid at regular rate of $8.00 an hour

    O/T rate $12.00 - paid $8.00 = $4.00 Half-time difference.

    $4.00 Diff. x 8 O/T hrs. wkly = $32.00 x 114 wks.= $3,648.00

    = $3,648.00 in unpaid overtime wages plus liquidated damages of $3,648.00

    plus attorney's fees and costs.

c. Nature of wages (e.g. overtime or straight time):

This amount represents unpaid overtime wages and liquidated damages.

22. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

23. Plaintiff was paid by partially by check and the balance in cash which was not accompanied by any paystubs or records providing information regarding any accounting for hours worked, classification of the employees' labor, or withholding of employment taxes.

24. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant or for three (3) years prior to the filing of this Complaint, as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

25. Defendant willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

26. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT II
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION
## AGAINST GI

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

28. At the times mentioned, Defendant **GI,** was, and is now, the manager, authorized member and/or owner of PDVSOL. Defendant **GI,** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant **GI,** had operational control of the business and is jointly liable for Plaintiff's damages.

29. Defendant **GI,** willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant or three (3) years from the filing of this Complaint, as set forth above.

30. Plaintiff retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff and those similarly-situated, request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant

GI, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT III
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION
## AGAINST FI

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

32. At the times mentioned, Defendant FI, was, and is now, the manager, authorized member and/or owner of PDVSOL. Defendant FI, was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant FI, had operational control of the business and is jointly liable for Plaintiff's damages.

33. Defendant FI, willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant or three (3) years since the date of filing of this Complaint, as set forth above.

34. Plaintiff retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff and those similarly-situated, request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant FI**,** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT IV
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION
## AGAINST JR

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

32. At the times mentioned, Defendant JR**,** was and/or is now, the manager, authorized member and/or owner of PDVSOL. Defendant JR**,** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant JR**,** had operational control of the business and is jointly liable for Plaintiff's damages.

33. Defendant JR, willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant or three (3) years since the date of filing of this Complaint, as set forth above.

34. Plaintiff retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly-situated, request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant JR, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT V
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION
## AGAINST CM

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

32. At the times mentioned, Defendant CM, was, and is now, the manager, authorized member and/or owner of PDVSOL. Defendant CM, was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29

U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant CM, had operational control of the business and is jointly liable for Plaintiff's damages.

33. Defendant CM, willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant or three (3) years since the date of filing of this Complaint, as set forth above.

34. Plaintiff retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly-situated, request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant CM, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

**JURY DEMAND**

Plaintiff, and those similarly-situated demand, trial by jury of all issues triable as of right by jury.

Dated: January 2, 2017.

                                        Respectfully submitted,

                                        By: /s/ Carlos A. Ziegenhirt, Esq.
*Attorneys for Plaintiff*
Carlos A. Ziegenhirt, Esq.
Florida Bar No.: 178896
Email: carlos@caz-law.com
1190 S. LeJeune Road
Miami, FL 33134
Tel: 305-666-1330
Fax: 305-443-0986

/s/ Carlos A. Ziegenhirt
Carlos A. Ziegenhirt, Esq.
Florida Bar No.: 178896